

# THE ATTORNEY GENERAL.
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 5, 1948

Hon. Beauford H. Jester
Governor of Texas
Capitol Station
Austin, Texas

Opinion No. V-710

Re: Applicability of the
Anatomical Board Act
to the unclaimed
bodies of prisoners
who die within the
penitentiary.

Dear Governor Jester:

Your request for an opinion reads, in part:

"Are we correct in the assumption
that Article 4584, Chapter 194, Revised
Civil Statutes (1925) creating the Anatom-
ical Board, gives authority to the Texas
Prison System to turn over to that Board
unclaimed bodies of prisoners who die
within the penitentiary?

"The 44th Legislature passed House
Bill No. 996, an emergency appropriation,
appropriating funds for the interment of
these bodies.

"However, inasmuch as that was merely
an appropriation bill for that period and,
furthermore, in view of the fact that a gen-
eral law can not be amended in an appropria-
tion bill, it occurs to us that the original
authority as granted by the Statute creating
the Anatomical Board will apply."

The provisions of the Anatomical Board Act of
1907, as amended in 1929 and 1931, are now Articles 4583
through 4590, Vernon's Civil Statutes, and Articles 530
and 531 of the Penal Code. Article 4583 creates the Ana-
tomical Board of the State of Texas "for the distribution
and delivery of dead human bodies, hereinafter described,
to and among such institutions as, under the provisions
of this law, are entitled thereto." Article 4584 reads:

"All public officers, agents, and servants, and all officers, agents and servants of any county, city, town, district or other municipality, and of any and every almshouse, prison, morgue, hospital, or any other public institution, having charge or control of dead human bodies required to be buried at public expense are hereby required, after notification in writing by said board or its duly authorized officers, or persons designated by the authorities of said board, then and thereafter to announce to said board, its authorized officer or agent, whenever such body or bodies come into his or their possession, charge or control, and shall without fee or reward greater than the value of such fee as was paid in any county, city, town, or municipality on the third day of April 1907, for the burial of pauper bodies, deliver such body or bodies, and permit the said board and its agents and the physicians and surgeons, from time to time designated by them who may comply with the provisions of this law, to take and remove all such bodies as are not desired for post mortem examination by the medical staff of public hospitals or institutions for the insane, to be used within this State for the advancement of medical science, but no notice need be given, nor any such body be delivered, if any person claiming to be and satisfying the authorities in charge of such body that he or she is of a kindred or is related by marriage to the deceased, or is a bona fide friend or representative of an organization of which the deceased was a member, shall claim the said body for burial, but it shall be surrendered without cost to such claimant for interment, or shall upon such claimant's request, be interred in the manner provided for the interment of bodies not coming within the operation of this law. No notice shall be given for the body to be delivered, if the deceased died of contagious disease, save tuberculosis, or syphilis, nor shall notice be given if such deceased person were a traveler who died suddenly, in which cases the body shall be buried. It is further required that due effort be made by

those in charge of such almshouse, prison, morgue, hospital or other public institution having charge or control of such dead human bodies, to find kindred or relatives of such deceased and notify him or her of the death; and failure to claim such body by kindred or relation within twenty-four hours after receipt of such notification shall be recognized as bringing such body under the provisions of this law, and delivery shall be made as soon thereafter to said board, its officers, or agents as may be possible. Such person in charge of such public institution shall file with the county judge an affidavit that he has made diligent inquiry to find the kindred or relatives of the deceased stating such inquiry as he has made.  In case a body is claimed by relatives within ten days after it has been delivered to an institution or persons entitled to receive the same under the provisions of this law, it shall be delivered to them for burial and without cost.  Acts 1907, p. 117, sec. 2; Acts 1929, 41st Leg., p. 328, ch. 152, # 1."

Article 531 of the Penal Code provides:

"Any person having duties imposed upon him by the provisions of the Anatomical Board Act who shall refuse, neglect or omit to perform any of them as required by said law, shall be fined not less than one hundred nor more than five hundred dollars for each offense."

The remaining articles of the statutes are of no particular importance, so far as we are here concerned.  In our Opinion No. V-358, a copy of which is enclosed herewith, it was held that the provisions of Article 4584 were mandatory.  The penitentiary is a "prison" and the unclaimed bodies of prisoners who die while confined therein are buried at the expense of the State.  Therefore, such unclaimed bodies come within the purview of the statutes under consideration and are subject to be delivered to the Anatomical Board for the purposes stated therein.

You have directed our attention to House Bill No. 996, Chapter 104, Acts of the 44th Legislature, the Title of which reads as follows:

"An Act making an emergency appropriation for the Texas State Prison System for the purpose of returning to relatives, bodies of convicts whose families are in indigent circumstances; providing the Fifty Dollars ($50) allowance now made upon discharge shall be applied as part payment of shipping said bodies, and declaring an emergency."

Section 1 of this Bill reads:

"There is hereby appropriated out of any moneys in the General Fund not otherwise appropriated, the sum of Seven Hundred and Fifty Dollars ($750), or so much thereof as may be necessary for the Texas State Prison System for the purpose of embalming and shipping the bodies of deceased convicts to their families when said families are in indigent circumstances and request the return of the bodies for burial; and such appropriation shall be available as of the 2nd day of May, 1935, and until the 31st day of August, 1936, and all claims for the purposes stated herein arising between said dates shall be paid from said fund."

The remainder of this Bill appears to be in harmony with its title. Considered in its entirety, it is nothing more than an appropriation bill, and as such had no effect whatever upon the statutes under consideration. An examination of both our civil and criminal statutes fails to disclose any statute, other than those mentioned in this opinion, providing for the disposition of unclaimed bodies of prisoners who have died while confined in the penitentiary.

In view of the foregoing, we answer your question in the affirmative.

## SUMMARY

The unclaimed bodies of prisoners who die within the penitentiary are subject to be delivered to the Anatomical Board of the State of Texas.   Arts. 4583, et seq.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

*Bruce W. Bryant*

By

Bruce W. Bryant
Assistant

BWB:wb
Encl.

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL